Case 2:15-cv-00274 Document 21 Filed in TXSD on 01/25/16 Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAYMON BOUDREAUX, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-274 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis*, Petitioner filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 11, 2015 (D.E. 1).[1] Petitioner claims that his right to due process was violated in a disciplinary hearing held at the McConnell Unit which resulted in the imposition of punishment. Respondent filed a motion for summary judgment on July 27, 2015 to which Petitioner responded on January 8, 2016 (D.E. 9, 20). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Petitioner's habeas corpus petition be denied. It is further recommended that a Certificate of Appealability be denied.

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mailing system on June 11, 2015 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

## JURISDICTION

Jurisdiction and venue are proper in this court because Petitioner is incarcerated in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving a fifty-year sentence for murder and a consecutive eight-year sentence for assault on a public servant (Mot. for Sum. Jmt., Ex. A; D.E. 9-1 at 2).  Petitioner does not complain about his holding convictions, but challenges the results of a disciplinary hearing.  In disciplinary case number 20140196341, Petitioner was accused and found guilty of possessing a cell phone, classified as a felony in the Texas Penal Code (DHR at 2; D.E. 10-2 at 3).[2]

In the offense report the charging officer wrote that on March 14, 2014 a representative of the Office of Inspector General was conducting a cell search when he noticed an altered vent screw facing the wall above the toilet in Petitioner's cell.  Upon removing the screw, the officer saw a string attached to it.  The officer proceeded to search the pipechase in the cell and discovered a cellphone inside a black bag (DHR at 8; D.E. 10-2 at 9).  The string connected the bag to the bolt (DHR at 6; D.E. 10-2 at 7). During the investigation of the incident, Petitioner stated that had never received a cell phone and had no know knowledge of the cell phone (DHR at 5; D.E. 10-2 at 6).

---

[2] "DHR" refers to the Disciplinary Hearing Record attached to the Respondent's Motion for Summary Judgment (D.E. 10-2).  "DGR" refers to the Disciplinary Grievance Record also attached to the motion (D.E. 10-1).

At the hearing, the charging officer testified by telephone and repeated his earlier allegations. Petitioner stated that his cell-mate had told authorities that the phone belonged to him and it was stipulated that his cell-mate had submitted a statement that the phone belonged to him (DHR at 4; D.E. 10-2 at 5). Another officer testified that when Petitioner was asked about the phone, he stated that it was planted in the pipechase (*Id.*, D.E. 10-2 at 5).

Petitioner was found guilty based on the officers' reports, their testimony at the hearing, copies of photographs of the phone and its location in the pipechase. He was punished with the loss of forty-five days of commissary, recreation and property privileges, a reduction in line class from S3 to L3 and the loss of 364 days of good time (DHR at 2; D.E. 10-2 at 3).

Petitioner filed Step 1 and Step 2 grievances, arguing that evidence was insufficient to support a finding of guilt because his cell-mate admitted that the phone was his. Prison administrators responded that an inmate is guilty of possession of contraband if an item is found on the person of an offender, in his cell, among his belongings or in his immediate living area, regardless of who owns the phone (DGR 2-5; D.E. 10-1 at 3-6).

In this habeas action, Petitioner asserts that he was not allowed to call a witnesses he requested and that the evidence was insufficient to support a finding of guilt. In Respondent's motion for summary judgment he argues that because Petitioner is not eligible for release to mandatory supervision, he cannot make out a claim that his due

process rights have been violated.  Respondent also argues that the other disciplinary actions do not implicate the Due Process clause of the Constitution.

In his response, Petitioner repeats his arguments regarding the disciplinary hearing and the fact that another inmate admitted that he owned the contraband cell phone. Petitioner does not dispute that he is ineligible for release to mandatory supervision, but argues that Respondent has maintained a custom of infringing upon the fundamental rights of inmates who are ineligible for release to mandatory supervision while those who are eligible for release are entitled to seek redress in the courts.

## APPLICABLE LAW

### A.  Due Process Rights

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States.  In *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), the U.S. Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [*Wolff v. McDonnell*, 418 U.S. 539, 94 (1974)] and [*Meachum v. Fano*, 427 U.S. 215 (1976)].  Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. (internal citations omitted).  The Supreme Court held in *Sandin* that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."  *Sandin*, 515 U.S. at 486.  The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody.  *Id.*  Thus, to the extent Petitioner is claiming that his constitutional rights were violated by the revocation of privileges, he fails to state a claim because the revocation did not represent an atypical, significant deprivation in which the State of Texas might have created a liberty interest.

### 1. Line Class

Petitioner was reduced in Line Class from S3 to L3.  Generally, a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on his eligibility for parole and in turn, on the amount of time he is in custody.  Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests."  *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995)(*citing Meachum v. Fano*, 427 U.S. 215, 229, n. 8 (1976)).  "'Prisoners have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)).  *See also Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000)(holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, which right the Texas legislature has

specifically denied creating). Thus, Petitioner cannot make out a cause of action based on the reduction in line class.

### 2. Loss of Good Time

In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)(citing Tex. Code Crim. P. Ann. art. 42.18 § 2(2)).[3] Prisoners earn good time credits which are added to their actual days served in prison to calculate their release date. Tex. Gov't Code Ann. §508.147 (Vernon 2012). The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time.

Petitioner in this case is precluded from release to mandatory supervision by the nature of his conviction (D.E. 1 at 5; Ex. A to MSJ, D.E. 9-1 at 2). *See also* Tex. Penal Code § 19.02 and Tex. Gov't Code § 508.149(a)(2). Because Petitioner is not eligible for release to mandatory supervision, he does not have a liberty interest in earning or keeping good time credits and thus has failed to make out a claim that his due process rights have been violated.

Petitioner argues that the prison system denies equal protection to prisoners who are ineligible for release to mandatory supervision. He argues that because he is ineligible for release to mandatory supervision, his due process claims relating to the

---

[3] Currently located at Tex. Gov't Code Ann. § 508.001(5).

hearing procedures are being ignored. However, his argument is foreclosed by *Sandin*, which made clear that the due process clause is implicated only when a protected liberty interest is at stake. Because Petitioner does not have a liberty interest in his good time credits, he cannot make out a claim that loss of the credits interest raised a due process concern. Accordingly, summary judgment should be entered for Respondent.

**B.  Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000). "A

petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In Petitioner's case, it is recommended that his cause of action be denied on the merits. If the district court orders that Petitioner's cause of action be dismissed and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not find it debatable that petitioner failed to state a claim for violation of a constitutional right.

## R<span>ECOMMENDATION</span>

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (D.E. 9) be GRANTED. Petitioner's cause of action for habeas corpus relief

should be DENIED.  It is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 25th day of January, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).