Case 2:15-cv-00274   Document 29   Filed in TXSD on 06/29/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RAYMON BOUDREAUX, §
　§
　　Petitioner, §
VS. § CIVIL ACTION NO. 2:15-CV-274
　§
WILLIAM STEPHENS, §
　§
　　Respondent. §

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 9) seeking dismissal of Petitioner's habeas corpus claims (D.E. 1). On January 25, 2016, United States Magistrate Judge Janice B. Ellington issued her Memorandum and Recommendation (M&R, D.E. 21) recommending that Respondent's motion be granted and the petition be denied. Petitioner filed his objections to the M&R on March 4, 2016 (D.E. 27).

The M&R concludes that Petitioner does not have a liberty interest to support his due process claim. In particular, it is well-settled that loss of line class and other privileges will not state the necessary claim of atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Fifth Circuit has further held that, while loss of good time credits does implicate a liberty interest for those who are subject to mandatory release, it does not implicate a liberty interest for those, such as Petitioner, who are subject only to


discretionary parole.  *See e.g., Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Petitioner objects, attempting to raise an equal protection challenge to the disparate treatment of prisoners on the basis of whether they are subject to mandatory or discretionary release.  His argument does not raise the issue of discrimination on the basis of a suspect class.  Rather, a prisoner's ability to complain of loss of good time credits is based upon whether his or her sentence requires mandatory release.  That is a matter entrusted to the wide discretion of the legislature.  The Fifth Circuit has written:

> Traditionally, courts have accorded legislative classifications of criminal activity wide latitude.  Legislatures may recognize degrees of evil and may seek to deal with undesirable conduct one step at a time.  This deference has been accorded the legislature's judgment because it is particularly within a legislature's competence both to identify conduct which offends the community and to determine appropriate punishment.

*Gray v. Lucas*, 677 F.2d 1086, 1104 (5th Cir. 1982) (citations omitted).  Petitioner has not articulated any argument that the disparate punishments are not rationally related to the crime for which the punishments were assessed.

The ability to seek habeas relief on the basis of the loss of good time credits is not a matter of discriminatory dispensations but is the natural consequence of the punishment assessed.  Without any alleged discrimination or lack of rational relation in the assessment of punishment, the equal protection claim must fail.  Petitioner's objection based upon violation of his equal protection rights is OVERRULED.

Petitioner's remaining objections argue the merits of his due process complaints. Because he has not demonstrated that he is eligible for habeas corpus relief, those objections are OVERRULED as moot.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 21), as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which the objections were specifically directed, this Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment (D.E. 9) is **GRANTED** and this action is **DISMISSED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 29th day of June, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE